No. 25,078.

C. H. Brown, *Appellee*, v. The Kansas State Board of Dental Examiners, *Appellants*.

SYLLABUS BY THE COURT.

Injunction—*Practicing Dentistry Under Name Other Than His Own—Interpretation of Statute—Revocation of License.* Interpretation of the statute authorizing the Board of Dental Examiners to revoke license for practicing under a name not one's own, announced in the case of *Winslow v. Board of Dental Examiners*, ante, p. 450, approved and applied.

Appeal from Wyandotte district court, division No. 3; William H. McCamish, judge. Opinion filed February 9, 1924. Reversed.

*Charles B. Griffith*, attorney-general, *W. C. Ralston, Dennis Madden*, assistant attorneys-general, *Justus N. Baird*, county attorney, and *Arthur J. Mellott*, of Kansas City, for the appellants.

*James M. Meek*, of Kansas City, for the appellee.

The opinion of the court was delivered by

Burch, J.: Brown sought to enjoin the board of dental examiners from revoking his certificate to practice dentistry. A demurrer to the petition was overruled, and the board of dental examiners appeals.

One J. M. Sheridan leased several rooms on the second floor of a building in Kansas City, and furnished them with five dental chairs and the necessary equipment for the practice of dentistry. He hires dentists to work for him on a salary, who have no interest in the compensation paid for the dental work they perform. Brown, a duly licensed dentist, is one of Sheridan's men. The place is kept

under the name, "St. Louis Dentists," and so far as the record discloses, there is nothing about the place to identify either Sheridan or Brown with it. The man Brown goes by the name Brown, but he practices dentistry under the trade name, under cover of which Sheridan practices dentistry. The petition makes no, claim that Sheridan is authorized to practice dentistry, or is a dentist. Therefore, the legal principle and the moral unprincipledness involved are identical with those considered in the case of *Winslow v. Board of Dental Examiners,* ante, p. 450, just decided.

Plaintiff cites the case of *State v. Brown,* 37 Wash. 97, in which it was held the legislature was powerless to require a person to submit to examination and secure a license to "own, run or manage" a dental office, "as distinguished from the practice of dentistry." We are dealing here with practice of dentistry, and with practice of dentistry under a reasonable regulation not embraced in the Washington statute. Plaintiff says Armour & Company might lawfully install a fully equipped dental office in its packing plant, and hire a dentist to treat the company's employees. If something of that kind should occur, the court feels quite confident there would be no subterfuge about the arrangement. Armour & Company would neither undertake illicit practice of dentistry nor employ a dentist who forsakes his identity and practices under an assumed and misleading name.

The judgment of the district court is reversed, and the cause is remanded with direction to sustain the demurrer to the petition.